**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-067**

**Filing Date: June 25, 2009**

**Docket No. 26,573**

**STATE OF NEW MEXICO**,

    **Plaintiff-Appellee,**

**v.**

**RICHARD DAVIS**,

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**ROBLES, Judge.**

**{1}**     Defendant was convicted of child abuse.  On appeal, Defendant raises issues regarding jury instructions, the failure to hold a *Faretta* hearing, the lack of proof of valid prior felonies for purposes of sentencing, ineffective assistance of counsel, and insufficiency of evidence.  Although we hold that there was sufficient evidence to support Defendant's conviction of intentional child abuse, we reverse this conviction and remand for a new trial because of fundamental error in the jury instructions.  We need not reach Defendant's remaining appellate issues because of the remand.

1

## I.  FACTS

**{2}**  Defendant was taking care of his three-year-old son (Child) at the home of his girlfriend, Maria Gordon.  During that time, Gordon's family members called police twice to conduct welfare checks on her.  During the second welfare check, the responding officer found Child naked with wounds on his back and stomach.  When officers later found Defendant in the bedroom, he became hostile and resisted their attempt to arrest him.  Defendant also refused to give the officers any information about Child at that time.

**{3}**  Paramedics examined Child at the scene.  The paramedics who examined Child noted more than fifteen marks on his body extending from his upper to lower back.  Some of the marks wrapped around onto Child's abdomen.  Defendant claimed that Gordon's dog likely caused the marks on Child's body.  Doctor Marcey Gillespie examined Child at the emergency room.  She observed a number of linear "impact marks" that began on Child's back and wrapped around his upper torso.  Doctor Gillespie testified that, in her opinion, the wounds were not consistent with Child being scratched by Gordon's Siberian Husky dog.  She noted that Child did not have any broken skin that would be consistent with dog scratches.  Doctor Gillespie testified that Child's wounds were consistent with child abuse and appeared to have been caused by him being hit with a thin, flexible object.  Tracie Houston, an investigator with the Children, Youth and Families Department, saw Child in the emergency room.  She testified that, in her experience, Child's wounds were not consistent with dog scratches and that he appeared to have been whipped with a thin, flat object, possibly a cord.  Police later searched Gordon's home and retrieved various cords that were consistent with Child's injuries.

**{4}**  Defendant testified at trial that he did not cause Child's injuries.  According to Defendant, the injuries were caused by Gordon's dog scratching Child.  Additional facts are set out below.

## II.  ANALYSIS

### A.  Jury Instructions

**{5}**  Defendant was indicted for intentional child abuse, contrary to NMSA 1978, Section 30-6-1(D)(2) (2005), under a theory of cruelly punishing, torturing, or cruelly confining Child by whipping his back with an unknown object.  Defendant was not indicted for negligent child abuse, and the State did not seek to amend the indictment to charge negligent child abuse at any time.

**{6}**  Following the close of evidence, the court instructed the jury on both intentional and negligent child abuse.  The instruction stated as follows:

For you to find [Defendant] guilty of child abuse which did not result in death or great bodily harm, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1.      [Defendant] *caused* [*Child*] *to be placed in a situation which endangered the life or health of* [*Child*] or tortured or cruelly punished [Child].

2.      [D]efendant acted intentionally or with *reckless disregard* and without justification.

        *To find that* [*Defendant*] *acted with reckless disregard, you must find that* [*Defendant*] *knew or should have known . . . Defendant's conduct created a substantial and foreseeable risk, . . . Defendant disregarded that risk and . . . Defendant was wholly indifferent to the consequences of the conduct and to the welfare and safety of* [*Child*].

3.      [Child] was under the age of 18[.]

4.      This happened in New Mexico on or about the 24th day of September, 2002.

(Emphasis added.) The verdict form returned by the jury stated that it found Defendant guilty of abuse of a child without specifying whether the jury found intentional or negligent child abuse.

**{7}** Defendant argues that the district court erred in instructing the jury on both negligent and intentional child abuse. Defendant made no objection to the jury instructions below; therefore, the district court had no opportunity to address the issue. We review Defendant's challenge to the instruction for fundamental error. *See* Rule 12-216(B)(2) NMRA; *State v. Gonzalez*, 2005-NMCA-031, ¶ 19, 137 N.M. 107, 107 P.3d 547 (stating that when a defendant does not object to the jury instructions as given, an appellate court reviews that instruction for fundamental error). Fundamental error exists "if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (internal quotation marks and citation omitted); *see State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (explaining that fundamental error includes both "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused").

**{8}** The State concedes that the district court erred in submitting the instruction on negligent child abuse to the jury, and we agree. "A defendant in a criminal case is entitled to know what he is being charged with and to be tried solely on those charges. It is improper to instruct the jury as to a crime not formally charged if that crime is not a lesser[-]included

3

offense of the crime formally charged." *State v. Johnson*, 103 N.M. 364, 371-72, 707 P.2d 1174, 1181-82 (Ct. App. 1985) (reversing the defendant's conviction for negligent arson where he had been charged only with malicious and willful arson, and negligent arson was not a lesser-included offense); *See* Rule 5-611(D) NMRA (providing that the jury can find a defendant guilty of an offense necessarily included in the crime charged if instructed); *State v. Hamilton*, 107 N.M. 186, 189, 754 P.2d 857, 860 (Ct. App. 1988).

**{9}** A defendant is considered to be on notice to defend against uncharged lesser-included offenses. A crime is considered a lesser-included offense when, under either the statutory elements or the facts alleged in the charging documents and supported by the evidence, the defendant could not have committed the greater offense without also committing the lesser offense. *See State v. Meadors*, 121 N.M. 38, 42-43, 908 P.2d 731, 735-36 (1995); *State v. Collins*, 2005-NMCA-044, ¶¶ 8-10, 137 N.M. 353, 110 P.3d 1090, *superceded by regulation on other grounds as stated in State v. Willie*, 2008-NMCA-030, 143 N.M. 615, 179 P.3d 1223 (filed 2007). Under this standard, negligent child abuse is not a lesser-included offense of intentional child abuse. *See* § 30-6-1(D); *State v. Schoonmaker*, 2008-NMSC-010, ¶ 46 n.4, 143 N.M. 373, 176 P.3d 1105 (noting that intentional child abuse and negligent child abuse are not the same crime, and they are mutually exclusive because one cannot commit an intentional act and an unintentional, but substantially risky, act at the same time). Accordingly, it was improper for the district court to instruct the jury that it could convict Defendant of negligent child abuse.

**{10}** The State cites to *State v. Rodriguez*, 81 N.M. 503, 505, 469 P.2d 148, 150 (1970), for the proposition that the doctrine of fundamental error is reserved for criminal cases where the protection of those whose innocence appears indisputable  or open to such question that it would shock the conscience to permit the conviction to stand. Further, the State argues that there is no possibility that a reasonable jury would be confused or misdirected by the inclusion of the negligence instruction because the State's only theory at trial was intentional child abuse. The State argues that because the evidence would not support a determination that Defendant negligently whipped Child, there was no chance that the inclusion of instruction on negligent child abuse had an impact on the verdict. We disagree.

**{11}** The essential elements instruction allowed the jury to convict if it found that Defendant, intentionally or negligently, either caused Child to be placed in a situation which endangered the life or health of Child or tortured or cruelly punished Child. The instruction did not require the jury to consider whether Defendant negligently or intentionally whipped Child. The instruction does not mention a whip. In order to convict, the jury only had to find that Defendant caused Child to be placed in a situation which endangered his life or health and that he acted with reckless disregard. Although the State did not specifically argue a negligent child abuse theory, the jury was presented with conflicting testimony as to how Child's injuries occurred. Defendant testified that Child's injuries were caused when Gordon's dog scratched Child while being left alone with the dog. It would not be impossible or irrational for the jury to have concluded that Defendant was guilty of negligent child  abuse based on this evidence. *Cf. State v. Reed*, 2005-NMSC-031, ¶ 57, 138 N.M. 365, 120 P.3d 447 (holding that fundamental error did not occur, despite deficient jury instructions on mens rea where, under the evidence in the case, the jury must have found that

4

the defendant met the applicable criminal negligence standard in order to convict); *see Santillanes v. State*, 115 N.M. 215, 223, 849 P.2d 358, 366 (1993) (holding that error in instructing the jury on civil negligence instead of criminal negligence was not reversible because no rational jury could have concluded that the defendant cut his nephew's throat under the evidence in the case without finding that the criminal negligence standard was met). For these reasons, we cannot agree with the State's assertion that there was no chance the inclusion of the negligence instruction had an impact on the verdict.

**{12}** Additionally, nothing in the other instructions would have alerted the jury that it could not consider the negligent child abuse instruction in convicting Defendant. *See Reed*, 2005-NMSC-031, ¶ 55 (stating that under a fundamental error analysis, the court considers any possible confusion in the context of the instructions as a whole); *Gonzalez*, 2005-NMCA-031, ¶ 19 (stating that error in jury instructions is fundamental where it remains uncorrected by other instructions). Even if the jury believed Defendant's testimony that he did not intentionally abuse Child, the jury still could have convicted him if they believed that Child's injuries were the result of negligent child abuse. For these reasons, we hold that the essential elements instruction submitted to the jury was potentially confusing.

**{13}** We must determine if a reasonable juror would have been confused or misdirected by an error in the jury instructions. "If we find error, our obligation is 'to review the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case, to determine whether the [d]efendant's conviction was the result of a plain miscarriage of justice.'" *Barber*, 2004-NMSC-019, ¶ 19 (quoting *State v. Benally*, 2001-NMSC-033, ¶ 24, 131 N.M. 258, 34 P.3d 1134 (Baca, J., dissenting)). "A fundamental error 'must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive.'" *State v. Chavez*, 2007-NMCA-162, ¶ 16, 143 N.M. 126, 173 P.3d 48 (quoting *State v. Garcia*, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942)).

**{14}** Fundamental error occurred in this case. "[D]ue process under the Fourteenth Amendment to the United States Constitution and [Article II, Section 14] of the New Mexico Constitution require the State to provide reasonable notice of charges against a person and a fair opportunity to defend; rights which may not be ignored or trivialized." *State v. Baldonado*, 1998-NMCA-040, ¶ 21, 124 N.M. 745, 955 P.2d 214 (internal quotation marks and citation omitted); *see Miller v. Tafoya*, 2003-NMSC-025, ¶ 16, 134 N.M. 335, 76 P.3d 1092 ("The essence of due process is the right to notice and an opportunity to prepare and defend against the allegations."); *State v. Dobbs*, 100 N.M. 60, 69, 665 P.2d 1151, 1160 (Ct. App. 1983) ("Every accused has the right to be informed of the crime with which he is charged in sufficient detail to enable him to prepare his defense.").

**{15}** Where the district court submits an uncharged crime to the jury as a basis for conviction, it deprives a defendant of his constitutional right to notice and the opportunity to prepare a defense, unless the crime is a lesser-included offense of the crime charged. *See State v. McGee*, 2002-NMCA-090, ¶ 16, 132 N.M. 537, 51 P.3d 1191 (holding that the trial court erred when it sua sponte convicted the defendant of an uncharged crime that was not a lesser-included offense of the crimes charged).

5

**{16}** "We have an affirmative duty 'to prevent a miscarriage of justice' in our review of fundamental error." *State v. Saiz*, 2008-NMSC-048, ¶ 59, 144 N.M. 663, 191 P.3d 521 (quoting *State v. Reyes*, 2002-NMSC-024, ¶ 42, 132 N.M. 576, 52 P.3d 948). The indictment charged Defendant with intentional child abuse based on a theory of cruelly punishing or torturing, and that was the only crime for which Defendant could properly be tried and convicted. Under the circumstances of this case, we cannot say that the jury disregarded the instruction on negligent child abuse in rendering its verdict. *Cf. State v. Mascareñas*, 2000-NMSC-017, ¶ 21, 129 N.M. 230, 4 P.3d 1221(finding fundamental error where there was no way to determine whether the jury convicted the defendant under a civil negligence standard or the proper criminal negligence standard). Allowing Defendant's conviction to stand where there is the possibility that he was convicted of a crime for which he was not charged would result in a miscarriage of justice. We therefore hold that submission of the negligent child abuse instruction constituted fundamental error in this case. Accordingly, we reverse Defendant's conviction and remand for a new trial.

### B.    Sufficiency of the Evidence

**{17}**    Citing to *Franklin* and *Boyer*, Defendant also maintains that there was insufficient evidence presented at trial to convict him of intentional child abuse. *See State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) (requiring the defendant's issue to be appealed in spite of apparent lack of merit); *see also State v. Boyer*, 103 N.M. 655, 658-59, 712 P.2d 1, 4-5 (same). We consider this issue because Defendant would be entitled to dismissal of the child abuse charge, instead of retrial, if the evidence adduced at trial was insufficient to support his conviction. *See State v. Santillanes*, 109 N.M. 781, 782, 790 P.2d 1062, 1063 (Ct. App. 1990).

**{18}**    "When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the State; we resolve all conflicts and indulge all permissible inferences in favor of the verdict." *State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703. The relevant inquiry is "whether substantial evidence exists of either a direct or circumstantial nature to support a verdict of guilty beyond a reasonable doubt with respect to each element of a crime charged." *State v. Watchman*, 2005-NMCA-125, ¶ 2, 138 N.M. 488, 122 P.3d 855. "On appeal, we will not reweigh the evidence nor substitute our judgment for that of the fact finder provided that there is sufficient evidence to support the verdict." *State v. Collins*, 2007-NMCA-106, ¶ 29, 142 N.M. 419, 166 P.3d 480.

**{19}**    Defendant was indicted for intentional child abuse by torturing or cruelly punishing Child. In order to convict, the State was required to prove beyond a reasonable doubt that (1) Defendant caused Child to be tortured or cruelly punished; (2) Defendant acted intentionally; (3) Child was under the age of eighteen; and (4) this happened on or about September 22, 2001. *See* UJI 14-604 NMRA (defining the elements of intentional child abuse not resulting in great bodily harm). The State presented sufficient evidence to sustain its burden.

**{20}**    The State presented evidence that Child had multiple linear wounds to his upper torso and back. Child was staying with Defendant for the weekend at the home of Gordon when

6

his injuries occurred. Defendant and Gordon were the only adults who had access to Child during the relevant time period. Gordon testified that she did not cause Child's injuries. The jury heard expert medical testimony that Child's injuries were not consistent with dog scratches and were consistent with child abuse. Doctor Gillespie testified that Child's wounds appeared to be caused by him being hit with something thin and flexible. The responding officers testified that Defendant was hostile and uncooperative when they responded to Gordon's home and sought medical attention for Child. Additionally, the State submitted photographic evidence of Child's injuries. Viewing this evidence in the light most favorable to upholding the verdict, a rational jury could have found that Defendant committed intentional child abuse.

{21}   Defendant argues that his explanation for the cause of Child's injuries should not simply be disregarded by this Court. However, we do not reweigh the evidence or substitute our judgment for that of the fact finder. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. The jury was free to disregard Defendant's version of events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998).

## III.   CONCLUSION

{22}   For these reasons, we reverse Defendant's conviction and remand for further proceedings consistent with this Opinion.

{23}   **IT IS SO ORDERED.**

$\overline{\hspace{5cm}}$
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

$\overline{\hspace{5cm}}$
**CELIA FOY CASTILLO, Judge**

$\overline{\hspace{5cm}}$
**LINDA M. VANZI, Judge**

**Topic index for *State v. Davis*, No. 26,573**

| AE | APPEAL AND ERROR |
|----|------------------|
| AE-FE | Fundamental Error |
| AE-RM | Remand |
| AE-SB | Substantial or Sufficient Evidence |

| CL | CRIMINAL LAW |
|----|--------------|
| CL-CN | Child Abuse and Neglect |

7

**CA**                          **CRIMINAL PROCEDURE**
CA-JI                      Jury Instructions
CA-LO                     Lesser Included Offense
CA-SE                     Substantial or Sufficient Evidence

**CT**                          **CONSTITUTIONAL LAW**
CT-DP                     Due Process
CT-NO                     Notice

**JI**                          **JURY INSTRUCTIONS**
JI-CJ                       Criminal Jury Instructions
JI-IJ                       Improper Jury Instructions