This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **NO. 29,268**

**ANDREW LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

The issue in this case is whether the metropolitan court should have dismissed the charges against Defendant because the 182-day time frame prescribed by Rule 7-

506 NMRA, for the commencement of trial had expired. Defendant failed to appear at one of the metropolitan court hearings, and the court issued a bench warrant for his arrest. Defendant subsequently posted bond in response to the warrant, and the court determined that the 182-day time frame restarted. Defendant claims that this ruling was erroneous. We affirm.

**BACKGROUND**

On June 17, 2006, Defendant was arrested and charged with driving while intoxicated and failure to maintain lane. He was arraigned on July 10, 2006, and trial was set for August 24, 2006. On November 3, 2006, after granting the State several motions for continuance in the preceding months, the court scheduled the trial for December 14, 2006. On November 27, 2006, the court rescheduled the trial for December 11, 2006, and sent a notice of hearing to Defendant, stamped "disregard previous hearing." Defendant failed to appear at the December 11 trial setting, and the court ordered the issuance of a bench warrant. The warrant, issued the following day, stated that Defendant could be released upon his posting bond in the amount of $1100. On January 3, 2007, Defendant posted bond in response to the warrant. On the same date, the court scheduled trial for February 16, 2007, and Defendant received a notice indicating that, in addition to the charges of DWI and failure to maintain lane, he had been charged with contempt for failing to appear at the December 11 trial.

At a hearing on February 16, 2007, the court inquired why Defendant had failed to appear on December 11. Defendant stated that he did not receive notice to appear on that day and that he had appeared on December 14, the date of the original court setting. The court then cancelled the warrant and ordered a release of the bond that Defendant had posted. The State asked the court when the 182-day rule would start running, and the court replied that if Defendant's trial commenced prior to March 10, 2007, the rule would not be an issue. The court scheduled the trial for March 9, 2007. On March 9, 2007, the court issued a 30-day extension of the 182-day rule because defense counsel's office had misplaced his file, and it scheduled the trial for April 16, 2007.

On April 16, 2007, the court granted a continuance to the State. Defense counsel's objection to the continuance did not mention the 182-day rule. On May 29, 2007, Defendant moved to dismiss, arguing that the 182-day rule had run pursuant to Rule 7-506(B)(5). The court denied the motion, determining that there was a bench warrant that had not been addressed until February 16, 2007, and stating that it was the court's intention that the 182-day rule restarted at that time. Defendant entered a conditional guilty plea and appealed to the district court. The district court affirmed the judgment of the metropolitan court. Defendant appeals.

**DISCUSSION**

The question presented in this case requires us to interpret Rule 7-506(B). Therefore, our standard of review is de novo. *See State v. Granado*, 2007-NMCA-058, ¶ 11, 141 N.M. 575, 158 P.3d 1018 (explaining that we review the interpretation of metropolitan court rules under a de novo standard).

The parties have different views of Rule 7-506 and of which event triggered the 182-day time period for the commencement of trial. The rule provides, in relevant part:

> The trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest:
>
>     (1)   the date of arraignment or the filing of a waiver of arraignment of the defendant;
>
>     . . . .
>
>     (5)   if the defendant is arrested for failure to appear or surrenders in this state for failure to appear, the date of arrest or surrender of the defendant.

Rule 7-506(B)(1), (5).

Defendant maintains that the rule began to run when he was arraigned on July 10, 2006, and that the 182-day time frame expired long before the date of the final trial setting on May 29, 2007. The State claims that the 182-day time period restarted on January 3, 2007, when Defendant posted bond on the bench warrant.

4

Defendant makes four arguments maintaining that the court misapplied Rule 7-506(B)(5) and that the 182-day period did not restart. His first argument is somewhat difficult to follow, but he appears to contend that the court's issuance of the bench warrant was erroneous because Defendant did not receive notice of the hearing on December 11. Second, Defendant maintains that he did not surrender on the warrant because he did not submit to being taken into custody and he was not arrested. Third, he argues that the court's ruling regarding the warrant and the restarting of the 182-day rule was ambiguous and thus, that the rule of lenity militates in favor of dismissal of the charges. Fourth, he claims he never waived his right to be tried within the 182-day period. Because we conclude that the court properly determined that the 182-day time period restarted when Defendant posted bond, we need not respond to Defendant's fourth argument regarding waiver.

**Bench Warrant Properly Issued**

Defendant argues that the metropolitan court erroneously issued the bench warrant because he did not receive notice of the December 11 hearing and thus, his failure to appear was excused or justified. He contends that if the warrant was erroneously issued, his alleged surrender pursuant to the warrant could not be used to restart the rule.

Defendant does not dispute the fact that he failed to appear at the December 11 hearing, nor does he dispute that the metropolitan court mailed him notice of the December 11 hearing; he argues only that he did not receive the notice. Rule 7-207 NMRA governs the issuance of bench warrants in the metropolitan court. Under that rule, if a person fails to appear at the time and place ordered, the court may issue a warrant for his or her arrest. Rule 7-207(A). This rule does not require the court to inquire into the reasoning or justification for a defendant's absence before issuing a bench warrant. Instead, the mere fact that a defendant fails to appear vests a court with the authority to issue a warrant. In the present case, the metropolitan court apparently gave Defendant the benefit of the doubt and cancelled the warrant so that trial could proceed. However, the fact remains that Defendant failed to appear for a hearing, and the court properly exercised its authority under Rule 7-207(A) to issue the bench warrant.

If we accepted Defendant's argument that the warrant was erroneously issued, courts would be required to evaluate every bench warrant to determine whether there was any excuse or justification for a defendant's failure to appear. Defendant cites no authority for requiring such an evaluation. Furthermore, allowing a defendant to challenge a court's authority to issue a warrant might encourage defendants to look for reasons to be excused from appearing in court with the hope that the 182-day rule

6

would run. *See State v. Lobato*, 2006-NMCA-051, ¶ 30, 139 N.M. 431, 134 P.3d 122 (noting that if an appellate court had to evaluate the propriety of all orders declaring a mistrial and that if the court determined the mistrial was improper, "[s]uch a scenario would be sure to cause additional delay during the appellate process and would defeat the six-month rule's bright-line nature and ease of application").

Defendant further argues that the court's conduct following Defendant's posting of bond somehow led him to believe that the court was excusing his failure to appear at the December 11 trial setting and that this excusal translated to an understanding that the 182-day time frame was not reset as a result of the bench warrant and the posting of bond. Defendant observes that he posted bond on January 3, 2007, and then appeared on the scheduled trial date of February 16, 2007. At that time, the court considered Defendant's explanation that he did not receive notice of the December 11 hearing and stated that it was cancelling the bench warrant. When the State asked whether the 182-day rule restarted, the court responded that if the trial started before March 10, there was no need to consider the question.

Ultimately, the trial did not begin before March 10. On March 9, the defense asked for a continuance because Defendant's file had been misplaced. On April 16, the State announced that it was not ready for trial, and the court granted a continuance. On May 29, the State was ready for trial, and Defendant moved to dismiss on the basis

of the 182-day rule. The court stated that there had been a valid bench warrant issued for failure to appear and that it was the court's intent that the rule should restart.

We fail to see how the court's actions constituted, in effect, a waiver of Rule 7-506(B)(5). The court issued a bench warrant for failure to appear, and Defendant posted bond on that warrant. The cancellation of the warrant after Defendant posted bond is irrelevant. The warrant was valid when issued, and Defendant responded according to the terms of the warrant by posting bond. These circumstances fit within those contemplated by the rule. Defendant "surrender[ed] in this state for failure to appear." Rule 7-506(B)(5). Thus, the 182-day time frame restarted and began to run anew.

To the extent Defendant argues that the court violated his due process rights by holding him accountable for his good faith failure to appear, we are not persuaded. Defendant does not dispute that the court sent him notice of the December 11 trial setting or that the notice stated that "FAILURE TO APPEAR AT THE TIME AND DATE SPECIFIED WILL RESULT IN THE ISSUANCE OF A WARRANT FOR YOUR ARREST." All previous notices of hearing sent to Defendant stated the same warning. None of the notices provided that the court would consider a defendant's excuse for failing to appear. Thus, it should have come as no surprise that a bench warrant issued when Defendant failed to appear on December 11. *See State v. Davis*,

8

2009-NMCA-067, ¶ 14, 146 N.M. 550, 212 P.3d 438 ("The essence of due process is the right to notice and an opportunity to prepare and defend against the allegations." (internal quotation marks and citation omitted)). We therefore hold that the court properly issued the bench warrant for Defendant due to his failure to appear.

**Defendant Surrendered When He Posted Bond**

Defendant next argues that his posting bond pursuant to the warrant did not restart the 182-day period because he was not arrested and he did not "surrender" as required by Rule 7-506(B)(5). He contends that surrendering is analogous to being taken into police custody and that because he was never arrested and merely posted bond, he never surrendered as contemplated by the rule. We are not persuaded.

The rules of the metropolitan court are to be "liberally construed to secure the just, speedy and inexpensive determination of every metropolitan court action," and they are not to be construed "to abridge, enlarge or modify the substantive rights of any litigant." *State v. Maestas*, 2007-NMCA-155, ¶ 8, 143 N.M. 104, 173 P.3d 26 (internal quotation marks and citation omitted). In construing Supreme Court rules of procedure, this Court applies the same rules that are applicable to the interpretation of statutes. *State v. Gutierrez*, 2006-NMCA-090, ¶ 7, 140 N.M. 157, 140 P.3d 1106. We consider the plain meaning of the rule, which requires us to give effect to the rule's language, and refrain from further interpretation when the language is clear and

unambiguous. *Id.* Under Defendant's interpretation of Rule 7-506(B)(5), the 182-day time frame can only be reset if a defendant fails to appear and is arrested or surrenders to be taken into custody, not when a defendant posts bond pursuant to a bench warrant.

In interpreting the rule, we find guidance in our case law interpreting the district court's nearly identical counterpart rule, Rule 5-604(B) NMRA. According to that case law, the purpose of the events triggering the running of the rule (apart from the initial arraignment) "is to restart the rule when certain common events occur that make it reasonable to give the state another six months [or, in metropolitan court, 182 days] in which to try a defendant." *State v. Littlefield*, 2008-NMCA-109, ¶ 12, 144 N.M. 655, 190 P.3d 1150. "This Court . . . has refused to read the . . . rule or view the facts relating to issues arising under it in such a manner that would require a dismissal when common sense would indicate otherwise." *State v. Jaramillo*, 2004-NMCA-041 ¶ 13, 135 N.M. 322, 88 P.3d 264.

With these precepts in mind, we turn to the specific facts in this case. The bench warrant stated that any officer authorized to execute the warrant was commanded to arrest Defendant and bring him before the court to answer for his failure to appear. Thus, the purpose of the warrant was to assure the appearance of Defendant to answer the specified charge and for subsequent proceedings. In our

10

view, therefore, "surrender," as contemplated by Rule 7-506(B)(5), encompasses more than just surrender at a police station. Surrendering can encompass voluntarily appearing before the court, which constitutes a submission to the court's authority. *See* Rule 7-406(B) NMRA (providing that surrender of an offender occurs when a paid surety delivers the defendant to the court prior to the entry of a judgment of default on the bond).

Defendant argues that when a person posts a bond in response to a bench warrant, it means that he or she wants a hearing because the warrant was erroneously issued. Defendant cites no authority for this argument. Therefore, we apply the approach that is consistent with our rules and case law such that posting bond constitutes a surrender. By posting bond, Defendant avoided his arrest, appeared in court to answer to the charge of failure to appear, and thereby submitted himself to the court's authority. *See* Black's Law Dictionary 1484-85 (8th ed. 2004) (defining surrender as the act of yielding to another's power or control or an officer's delivery of a prisoner to the authorities); *see also* Rule 7-406(B) (defining surrender of an offender by a paid surety as the delivery of the defendant to the court). Common sense tells us that under Rule 7-506(B)(5), it is reasonable to give the state an additional 182 days in which to try a defendant when a court issues a bench warrant, regardless of whether the warrant is effectuated through arrest, through the

11

defendant's surrender into custody, or through the defendant's surrender to the court's authority via posting of bond.

Defendant relies on *Granado*, 2007-NMCA-058, ¶ 25, in which the defendant's failure to appear for trial did not restart the 182-day rule. In that case, the metropolitan court stated that it intended to issue a bench warrant for the defendant's arrest. *Id.* ¶ 4. However, later that day, before the bench warrant was issued, the defendant appeared in court and announced that his vehicle had broken down. *Id.* ¶¶ 5, 9, 26 (noting that because there was no outstanding bench warrant when the defendant appeared before the court to explain his non-appearance, there was nothing for which the defendant could surrender). Defendant argues that, as in *Granado*, there was no legal authority directing Defendant to be taken into custody, and there was nothing for which he could surrender. We find this analogy to be unpersuasive because in *Granado*, the court did not issue a warrant. *Granado* stated that "[t]o surrender in this context . . . simply means that a person voluntarily submits to the legal authority that authorizes or directs him to be taken into custody." *Id.* ¶ 26. The language of the bench warrant in the present case authorized Defendant to be taken into custody. Before that could happen, Defendant posted bond, which in our view is the same as surrender.

Defendant maintains that the question of what constitutes surrender under Rule 7-506(B)(5) was never argued in the metropolitan court and, therefore, it would be unfair to affirm the court on the basis of this fact-dependent issue. *See State v. Franks*, 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct. App. 1994) (noting that it would be unfair to an appellant to affirm a lower court decision on a fact-dependent ground not raised below). We disagree. The facts surrounding the issuance of the bench warrant and Defendant's posting of bond are not in dispute. The only question is whether the posting of bond constitutes surrender under the 182-day rule. We do not think it is unfair to interpret the language of Rule 7-506(B)(5) even though the metropolitan court did not undertake the same analysis. *See State v. Guzman*, 2004-NMCA-097, ¶ 10, 136 N.M. 253, 96 P.3d 1173 (explaining that it would not be unfair to the defendant to affirm the district court's decision on the basis of matters that were part of the record before the court even if the court did not rely on those matters in making its ruling).

Defendant next argues that because the metropolitan court cancelled the bench warrant, "it was as if the warrant had not been issued." We are not persuaded. The fact that the court released the bond, cancelled the warrant, and did not impose a fine for failure to appear does not mean that the warrant was never issued. While the court gave Defendant the benefit of the doubt by cancelling the warrant and waiving the fine

so that trial could proceed, at the time that Defendant surrendered under the warrant, the warrant was valid and still in existence. As stated earlier, once a warrant is issued for failure to appear, it is not relevant whether it gets cancelled or whether Defendant has a justification for his absence.

**The Rule of Lenity Is Not Applicable**

Defendant contends that the rule of lenity should apply in this case because the metropolitan court's ruling at the February 16 hearing was ambiguous. "The rule of lenity counsels that criminal statutes should be interpreted in a defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute." *State v. Davis*, 2003-NMSC-022, ¶ 14, 134 N.M. 172, 74 P.3d 1064. There are two flaws in Defendant's argument. First, he is not claiming that the 182-day rule is ambiguous. Instead, he maintains that the court's ruling was ambiguous. He cites no authority supporting the view that the rule of lenity applies to an ambiguous court ruling. Second, even if Defendant's argument was directed at the language of Rule 7-506(B)(5), we see nothing ambiguous about the rule. The rule clearly provides a mechanism for permitting the 182-day time frame to start again if the defendant fails to appear and thereby delays the time for commencing trial.

14

**Waiver of the Right to Invoke the 182-Day Rule**

Because we agree that Defendant's surrender restarted the 182-day period, we do not address Defendant's argument that he did not waive his right to invoke the rule.

**CONCLUSION**

For the reasons stated above, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____

**RODERICK T. KENNEDY, Judge**


_____

**LINDA M. VANZI, Judge**

15