This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.  **NO. 30,561**

**BRANDON RASCON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant Brandon Rascon appeals his convictions for driving while under the influence of intoxicating liquor (first offense) and failure to obey a stop sign. On August 19, 2010, this Court filed a notice of proposed summary disposition proposing to affirm. On November 30, 2010, Defendant filed a memorandum in opposition to proposed summary affirmance and motion to amend the docketing statement, which we have given due consideration. We deny Defendant's motion to amend the docketing statement and affirm his convictions.

**MOTION TO AMEND THE DOCKETING STATEMENT**

Defendant moves to amend the docketing statement to add a new issue asserting that the district court erred when it failed to suppress evidence obtained as a result of the pretextual stop of Defendant's vehicle. [MIO 2]

"The Court of Appeals may, upon good cause shown, allow the amendment of the docketing statement." Rule 12-208(F) NMRA.

> [A] motion to amend the docketing statement (when asserting other than fundamental error or jurisdictional issues) will be granted only if:
> 1.    It is timely;
> 2.    It states all facts material to a consideration of the new issues attempted to be raised;
> 3.    It states those issues and how they were preserved or shows why they did not have to be preserved;
> 4.    It states the reason why the issues were not originally raised and shows just cause or excuse for not originally raising them; and
> 5.    It complies in other respects with the appellate rules insofar as necessary under the circumstances of the case.

2

*State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 312 (Ct. App. 1983). A motion to amend is timely if filed with a defendant's first memorandum in opposition to this Court's notice of proposed summary disposition. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Although Defendant's motion is timely, it states neither how the issue was preserved in district court nor the reason it was not raised in the original docketing statement. We further observe that much of the analysis applicable to Defendant's original issue—whether the officer had reasonable suspicion to stop Defendant—would also apply to a pretextual stop analysis.

The motion to amend the docketing statement is denied.

**DENIAL OF MOTION TO SUPPRESS EVIDENCE**

Defendant asserts that the district court erred in denying his motion to suppress evidence obtained in the course of a traffic stop, because the officer who arrested him did not have reasonable suspicion that he had failed to obey a stop sign.

Defendant's memorandum in opposition continues to argue that the judge had evidence before him, in the form of a video recording of the traffic stop and the testimony of two passengers in Defendant's car, that supported a conclusion that he had come to a complete stop at the stop sign. [MIO 6-7] Defendant also argues that

the officer's testimony was self-contradictory as to where the officer had first seen Defendant. [MIO 7]

"As a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *Id.* As we noted in our notice of proposed summary disposition, the video's depiction of Defendant's brake lights coming on is not conclusive evidence that he came to a complete stop. [CN 4] Defendant's suggestion that we assign this case to the general calendar in order to review the video for ourselves in effect asks us to reweigh the evidence. [MIO 11] "[W]e do not reweigh the evidence or substitute our judgment for that of the fact finder." *State v. Davis*, 2009-NMCA-067, ¶ 21, 146 N.M. 550, 212 P.3d 438. Accordingly, we conclude that the officer had reasonable suspicion that Defendant had broken the law, and the district court did not err in denying Defendant's motion to suppress evidence obtained as a result of the stop.

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed summary disposition, we affirm the district court.

4

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**ROBERT E. ROBLES, Judge**