This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                     **NO. 31,567**

**GEORGE TORRES,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals his convictions for shooting from a motor vehicle and tampering with evidence. He does not appeal his conviction for consumption of an

alcoholic beverage in a motor vehicle on a road. Because we conclude that the instruction given to the jury on the charge of shooting from a motor vehicle rose to the level of fundamental error, we reverse Defendant's conviction on that charge. Because we find Defendant's remaining arguments to be without merit, we affirm his remaining convictions and remand for further proceedings on the charge of shooting from a motor vehicle.

**Fundamental Error in the Jury Instruction on Shooting From a Motor Vehicle**

"Shooting . . . from a motor vehicle consists of willfully discharging a firearm . . . from a motor vehicle with reckless disregard for *the person of another*." NMSA 1978, § 30-3-8(B) (1993) (emphasis added). The phrasing of the statute, which provides that the defendant's reckless disregard must be for "the person of another," indicates that it is the physical person of another—and not that person's general rights or property—that the statute seeks to protect. This is further reinforced by the fact that the degree of the offense depends on whether the shooting has resulted in injury or great bodily harm to another, and by the fact that the statute does not specifically mention property or any other rights. *See id.* However, the uniform jury instruction, rather than retaining this "person of another" phrasing, instead states that in order to convict a defendant of shooting from a motor vehicle, the state must prove beyond a reasonable doubt that "[t]he defendant willfully shot a firearm from a motor vehicle

with reckless disregard for *another person*." UJI 14-342 NMRA (emphasis added) (footnotes omitted). This language is slightly more ambiguous than the language in the statute in that its phrasing lacks the emphasis on the person's physical well-being that is being disregarded.

However, while the phrase "reckless disregard for another person" in the uniform jury instruction is less precise than the phrase "reckless disregard for the person of another" in the statute, the uniform jury instruction compensates for this slight imprecision by reinforcing the concept of harm to the physical person of another in its definition of recklessness. The instruction's use notes state that a definition of "reckless disregard" must be provided and specifies the definition from UJI 14-1704 NMRA for negligent arson, noting that this definition should be modified by substituting the term "with reckless disregard" for the word "recklessly." UJI 14-342, [u]se [n]ote 3. The negligent arson instruction states:

> For you to find that the defendant acted recklessly in this case,
> you must find that he knew that his conduct created a substantial
> and foreseeable risk, that he disregarded that risk and that he was
> wholly indifferent to the consequences of his conduct and to the
> welfare and safety of others.

UJI 14-1704. Because the mandatory definition of reckless disregard makes clear that the substantial and foreseeable risk is to the "welfare and safety" of others, it indicates

3

that the risk of harm that is encompassed by the statute is the risk to the physical person of another.

Based on the uniform instructions, the jury instruction in this case should have read as follows:

> For you to find [D]efendant guilty of shooting from a motor vehicle as charged in Count 1, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.   [D]efendant willfully shot a firearm from a motor vehicle with reckless disregard for another person.
>
> 2.   This happened in New Mexico on or about the 18th day of September, 2009.
>
> For you to find that [D]efendant acted with reckless disregard in this case, you must find that he knew that his conduct created a substantial and foreseeable risk, that he disregarded that risk and that he was wholly indifferent to the consequences of his conduct and to the welfare and safety of others.

Rather than giving the definition of "reckless disregard" set forth in UJI 14-342 use note 3 and UJI 14-1704, the district court gave the general recklessness instruction contained in UJI 14-133 NMRA. That instruction states, "For you to find that the defendant acted with reckless disregard in this case, you must find that the defendant acted with willful disregard of the rights or safety of others and in a manner which endangered any person or property." UJI 14-133. And rather than including this

4

definition separately, it listed it as an element of the offense. The jury instruction that was given at trial thus read as follows:

> For you to find [D]efendant guilty of shooting from a motor vehicle as charged in Count 1, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. [D]efendant wil[l]fully shot a firearm from a motor vehicle with reckless disregard for another person;
>
> 2. For you to find that [D]efendant acted with reckless disregard in this case, you must find that [D]efendant acted with willful disregard of the rights or safety of others and in a manner which endangered any person or property;
>
> 3. This happened in New Mexico on or about the 18th day of September, 2009.

Defendant did not object to this instruction but now argues that it constitutes fundamental error warranting reversal.

When reviewing a jury instruction for unpreserved, fundamental error, the Court begins with the same inquiry as for preserved, reversible error: "whether a reasonable juror would have been confused or misdirected by the jury instruction." *See State v. Barber*, 2004-NMSC-019, ¶ 19, 135 N.M. 621, 92 P.3d 633. However, if the answer is yes, "[f]undamental-error analysis then requires a higher level of scrutiny." *Id.* "If we find error, our obligation is to review the entire record, placing the jury instructions in the context of the individual facts and circumstances of the case, to determine whether the [d]efendant's conviction was the result of a plain

miscarriage of justice." *Id.* (internal quotation marks and citation omitted). Conviction of a nonexistent crime constitutes fundamental error per se. *See State v. Arredondo*, 2012-NMSC-013, ¶ 20, 278 P.3d 517. In addition, a conviction for a crime with which the defendant was not charged also constitutes fundamental error. *See State v. Davis*, 2009-NMCA-067, ¶ 16, 146 N.M. 550, 212 P.3d 438.

The instruction given by the district court permitted the jury to convict Defendant based on a determination that he willfully shot from a motor vehicle with a reckless disregard for the property of another. Neither party has pointed this Court to any crime under New Mexico law that contains these precise elements. *Cf.* NMSA 1978, § 30-7-4 (1993) (prohibiting the negligent use of a firearm and containing certain provisions that prohibit conduct that endangers property, but containing no provision that matches the jury instruction given here). Therefore, the instruction permitted Defendant to be convicted of a nonexistent crime, creating fundamental error in Defendant's trial. And even if there is some other statute not cited by the parties that prohibits such conduct, it was not charged in this case. Accordingly, the error was fundamental and warrants reversal.

Defendant claims that even under the instruction presented, there was insufficient evidence to support his conviction. We will address this argument because it affects whether he may be retried on the charge on remand. *See State v.*

*Dowling*, 2011-NMSC-016, ¶ 18, 150 N.M. 110, 257 P.3d 930 (stating that double jeopardy does not bar retrial if sufficient evidence was presented to support a conviction at trial under the erroneous jury instruction). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (alterations, internal quotation marks, and citation omitted).

The State was required to prove beyond a reasonable doubt that Defendant willfully shot a firearm from a motor vehicle with reckless disregard for another person. The jury instruction defined reckless disregard as the "willful disregard of the rights or safety of others and in a manner which endangered any person or property." There was evidence presented at trial that officers heard gunshots and, when they went to investigate, found a vehicle a block away with several occupants inside, including Defendant. There were guns in the vehicle, and shell casings that matched one of the guns were found outside on the ground. There was evidence that Defendant admitted to the officers that he had fired the gun from inside the vehicle. There was evidence

that Defendant shot the gun in an area where one could not shoot safely in any direction since the shooting occurred at a roundabout at an intersection of two streets near downtown Artesia, and there was a hotel on one corner, the sheriff's office on another corner, a restaurant on another corner, and a house, a doctor's office, and some businesses on another corner. Although Defendant points out that one of the other people in the car testified that Defendant fired from outside of the car and one of the officers testified that the location of the shell casings could be consistent with someone standing in place and firing the weapon straight up from the curb, the evidence introduced at trial, when viewed in the light most favorable to the judgment, supported his conviction. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). It was for the fact finder to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."), *abrogated on other grounds by State v. Frazier,* 2007-NMSC-032, ¶ 31, 142 N.M. 120, 164 P.3d 1, *as recognized in Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

**Sufficiency of the Evidence of Tampering With Evidence**

Defendant asserts that there was insufficient evidence to support his conviction for tampering with evidence. The State was required to prove beyond a reasonable doubt that Defendant hid a Glock .45 pistol with the intention to prevent himself from being apprehended, prosecuted, or convicted.

Evidence was presented at trial that Defendant admitted that he was the one who had shot the Glock and that when the police were stopping the vehicle, he hid the Glock behind the radio in order to keep the police from finding it. This evidence was sufficient to support Defendant's conviction for tampering with evidence.

**CONCLUSION**

For these reasons, we reverse Defendant's conviction for shooting from a motor vehicle, affirm his remaining convictions, and remand for further proceedings on the charge of shooting from a motor vehicle. Because we reverse Defendant's conviction for shooting from a motor vehicle on the basis of the erroneous jury instruction, we need not address his argument that his conviction for this crime should be reversed based on what he claims was the erroneous admission into evidence of shell casings the police found on the street.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**